***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the decision of the Deputy Commissioner, but makes additional findings of facts.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement signed December 1, 2003 and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. It is stipulated than an Employer/Employee relationship existed at the time of the alleged incident.
2. It is stipulated that N.C. Dept. of Crime Control Public Safety, Division of State Highway Patrol was the duly-qualified employer at the time of the alleged incident.
3. It is stipulated that the parties are subject to the North Carolina Workers' Compensation Act, the Employer employing the requisite number of employees to be bound under the provisions of said Act at the time of the alleged incident.
4. It is stipulated that the workers' compensation administrator for the Defendants is Key Risk Management Services.
5. It is stipulated that the Plaintiff's compensation rate would be the maximum rate of $560.00 as established by the North Carolina Industrial Commission for the year 1999.
6. It is stipulated that the alleged date of injury is January 23, 1999.
7. It is stipulated that Plaintiff has been treated by the following medical providers:
a. Susan Lambert, LPC, Waynesboro Family Clinic.
b. Dr. Thomas R. Griggs, NC Highway Patrol Training Clinic.
8. The parties agree that the issues to be answered by the hearing commissioner are: (1) whether Plaintiff suffered from an occupational disease characteristic of his employment, excluding ordinary disease of life to which the general public is equally exposed, and (2) if, so what benefits, if any, is the employee entitled to receive as a result of such injury, and (3) Defendant contends there is a third issue notice pursuant to N.C. Gen. Stat. § 97-22.
 ***********
The Full Commission finds as fact and concludes as matters of law the following Stipulated Facts which were entered into by the parties in an Agreement signed December 9, 2004 as:
 STIPULATIONS OF FACT
1. The date of the alleged injury was January 23, 1999.
2. A Form 18 was filed March 15, 2000.
3. On January 23, 1999, an Employer/Employee relationship existed between Anthony Carlton and the North Carolina Highway Patrol.
4. On and before January 23, 1999, an Employer/Employee relationship existed between Jerry Mouzan and the North Carolina Highway Patrol.
5. By and through the employment relationships listed above, Jerry Mouzan was aware of, or had access to, Anthony Carlton's work schedule.
6. By and through the employment relationships listed above, Jerry Mouzan was in a supervisory capacity over Anthony Carlton and at times had authority to assign him duties.
7. During the time that Jerry Mouzan had access to Tony Carlton's work schedule by way of the North Carolina Highway Patrol, Jerry Mouzan had a romantic, sexual relationship with Tony Carlton's wife, the former Renee Carlton, from approximately August 1998 thru December 1998.
8. On March 11, 2000, Plaintiff separated from his wife. They subsequently divorced.
9. Claimant's medical/psychological treatment relevant to this claim:
a. Joint counseling (claimant and then-wife) with Susan B. Lambert, LPC, 2/24/99 — 12/14/99.
b. Individual counseling with Susan B. Lambert, LPC 5/24/00 — 3/1/01.
c. Office visits to SHP DR. Griggs, 8/6/99, 4/7/00, 3/26/01.
10. By mutual consent, Dr. Reid Whiteside performed an Independent Psychological Examination of Plaintiff on June 10, 2004 and was thereafter deposed by the parties.
 ***********
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following additional Findings of Fact:
 FINDINGS OF FACT
1. At all times relevant to this claim, Defendant, North Carolina Department of Crime Control and Public Safety, employed Plaintiff as a Trooper with The State Highway Patrol. Plaintiff is alleging disability beginning on January 23, 1999 because of "stress due to causes and conditions which are characteristic of claimant's employment." In particular, Plaintiff is alleging that he developed post-traumatic stress disorder (PTSD) and depression as a result of an extramarital affair between Plaintiff's wife and his supervisor. Defendant denied the claim via a Form 61 filed on October 19, 2000, contending the injury did not arise out of and in the course and scope of employment, was not the result of a risk or hazard peculiar to the employment, and that claimant's problems were of a personal nature rather than related to his employment. Defendant also raised lack of proper notice and further contended the stress and depression were neither an accident nor an occupational disease within the meaning of the Act.
2. Sergeant Jerry Mouzan admitted to the affair when confronted by Plaintiff. Plaintiff became very depressed and missed nine days from work.
3. Dr. Reid Whiteside is a psychologist who performed an independent psychological examination of Plaintiff and ultimately diagnosed him with PTSD caused by the affair between his wife and Sergeant Mouzan. Dr. Whiteside explained that to warrant a diagnosis of PTSD, certain specific conditions must be met. First, the person must have been exposed to a traumatic event in which the person experienced, witnessed or was confronted with an event that involved actual or threatened death or serious injury or a threat to the physical integrity of self or others. Secondly, the person's response must involve intense fear, helplessness or horror. And, the traumatic must be re-experienced in one or more of the five ways he listed in his evaluation report. Dr. Whiteside was of the opinion Plaintiff has four distinct events that met this criteria and would support a diagnosis of PTSD in this case. Defendant does not disagree with Dr. Reid's diagnosis of PTSD or that Plaintiff's condition is casually related to the affair between Plaintiff's supervisor and Plaintiff's wife.
4. Plaintiff argues that his PTSD is casually related to his employment because his wife's extra marital affair was with a fellow officer who used the employment relationship to betray him and that because of the bond of brotherhood, loyalty and commitment highway patrol officers have toward each other, his supervisor's betrayal was particularly traumatic. Plaintiff also contends that his loss of trust for a fellow officer whom he depended on to look after him establishes a causal connection to his employment.
5. Plaintiff further contends that as part of Sergeant Mouzan's supervisory capacity over him, Sergeant Mouzan had the authority to assign duties to him, and that Sergeant Mouzan used his position with the North Carolina Highway Patrol to stay abreast of Plaintiff's whereabouts and to place Plaintiff assignments out of town so that he could carry on the affair with Plaintiff's wife.
6. Dr. Whiteside was of the opinion that it is not the traumatic event itself that causes PTSD; rather, it is a person's response to that traumatic event that causes PTSD. Dr. Whiteside opined that with law enforcement officers there is a "unique" bond. These men and women face life and death situations side by side, causing them to have a very deep sense of loyalty and camaraderie not shared by members of the general public. Therefore, the betrayal associated with a fellow officer having an affair with one's wife is "doubly difficult for a law enforcement officer."
7. When asked whether being a law enforcement officer puts a person at a greater risk than the general public of developing PTSD following an event with physical violence, Dr. Whiteside answered:
 I don't feel I can answer that because people who go into law enforcement, who are qualified to go into law enforcement, have a I think do understand the risk, and may be different from the average person. But I do think that having a supervisor or fellow officer be the one to have an affair with your spouse would be doubly difficult for a law enforcement officer, as it would for a member of say a Marine or combat — any combat unit, because there is a sense of fellowship and camaraderie and loyalty that I think is somewhat unique to those kinds of organizations where people together experience the possibility of coming under attack or serious harm. I think there's a certain sense of brotherhood that is felt in the corps — in the patrol, so the violation that would be experienced is more intense than if some person outside the patrol had been the instigator.
8. Plaintiff's PTSD and depression were not caused by his job duties. Plaintiff's supervisor's affair with his wife is not a risk peculiar to law enforcement officers. Dr. Whiteside testified, and the Full Commission so finds, that by being married you take the risk that your spouse may have an affair.
9. Plaintiff failed to establish that his supervisor's extramarital affair with his wife was a condition that was characteristic of and peculiar to his employment with the North Carolina Department of Crime Control and Public Safety.
10. Plaintiff failed to establish that his job duties as a highway patrolman placed him at a greater risk of developing PTSD and depression than the general public not so employed due to Plaintiff's supervisor having an affair with his wife.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to establish an occupational disease under N.C. Gen. Stat. §97-53(13), a claimant must show that the employment exposed him or her to a greater risk of contracting the disease than the public generally. Rutledgev. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). Our Supreme Court has held that working for an abusive supervisor, which can occur with any employee in any industry or profession, is not a condition that is characteristic of and peculiar to a particular employment. Woody v.Thomasville Upholstery Inc., 355 N.C. 483, 562 S.E.2d 422 (2002). Likewise, in the present case, the adulterous affair between Plaintiff's supervisor and Plaintiff's wife is, unfortunately, an occurrence that can occur in any industry or profession and is therefore not characteristic of and peculiar to a particular employment. Accordingly, Plaintiff has failed to establish that he suffers from an occupational disease. N.C. Gen. Stat. § 97-53(13).
2. Plaintiff has also failed to establish that he suffered an injury by accident arising out of and in the course of his employment. Therefore, the notice issue is not reached. N.C. Gen. Stat. §§ 97-2(6); 97-22.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the ___ day of August 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER